# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        )<br>    Plaintiff, )<br>        )         2:08-cr-00283-RCJ-PAL-5<br>    vs. )<br>        )         **ORDER**<br>JACOREY TAYLOR, )<br>        )<br>    Defendant. )<br>        ) | |

After a three-week trial, a jury found Defendant Jacorey Taylor guilty of racketeering, including murder in aid of racketeering activity and various other drug- and firearms-related felonies. The Court sentenced him to concurrent 240-month terms of imprisonment on three counts, concurrent life sentences on two other counts, and a consecutive life sentence on another count. The Court of Appeals affirmed. The Supreme Court denied Defendant's petition for a writ of certiorari on October 13, 2015. The Court of Appeals dismissed a second appeal as duplicative. Defendant has filed a habeas corpus motion under 28 U.S.C. § 2255, listing six counts.

Defendant argues in his second, third, and fifth counts that various statutes under which he was convicted are void for vagueness or that the rule of lenity should apply in his case. Defendant has defaulted on these issues having failed to raise them in either this Court or the Court of Appeals. In count four, Defendant argues that there was insufficient evidence to

convict him under 18 U.S.C. § 1959.  Defendant has also defaulted on this issue.  In count six, Defendant argues that the application of AEDPA to him was unconstitutional.  Again, Defendant has defaulted on this argument, and in any case, he presents no argument apart from the bare claim of unconstitutionality.

The part of Defendant's first count alleging ineffective assistance of trial counsel fails. Defendant first argues that trial counsel "failed to object to all PSR enhancements and false allegations not supported by testimony and facts."  Defendant's sentencing memorandum indicates at least four objections to the PSR.  Counsel is not ethically permitted to make frivolous objections.  Defendant does not identify what other objections he believes should have been made.  Defendant also argues that trial counsel "failed to object to fact [sic] that counts 17 & 18 do not indict Defendant Taylor, yet sentenced him [sic]."  But the Superseding Indictment (ECF No. 650) makes clear that Defendant was indicted for counts 17 and 18.  Defendant may be looking at the original Indictment (ECF No. 1).  He was not tried on the Indictment, but on the Superseding Indictment.  Defendant next argues that "counsel failed to object at sentencing that the judge did not want to sentence Taylor to life, yet mandatory [sic]."  The Court perceives no claim here.  It is true that the Court noted at sentencing that it wished it could sentence Defendant to less than life imprisonment (although it noted that imprisonment until the age of 80 was appropriate), but such a desire has no effect on the mandatory sentence that applies, and Defendant does not argue that a mandatory life sentence did not apply to him.

Finally, the part of Defendant's first count alleging ineffective assistance of appellate counsel (for failing to appeal an allegedly illegal sentence under 18 U.S.C. § 3742) fails. Defendant does not identify any alleged illegality of his sentence such that any motion under § 3742 might have had merit.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1125) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED: This 18th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge