FILED ENTERED / RECEIVED SERVED ON COUNSEL/PARTIES OF RECORD
SEP -9 2019
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

United States of America )
)
v. ) Case No. 2:08-CR-283-RCJ-PAL-5
)
Jacorey Taylor )

## Motion For A Sentence Reduction

COMES NOW, Jacorey Taylor, the defendant in the above-named case, hereby respectfully ask this Honorable court to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendments 706, 750 and 782 to the United States sentencing guidelines. In support of said motion, the defendant states the following:

1) Prior to the defendant's sentencing hearing held on October 22, 2013, the United States probation office prepared a presentence report that failed to include the crack cocaine amendments that the United States sentencing commission promulgated, specifically Amendments 706 to the guidelines, which generally reduced the base offense level of crack cocaine crimes by two levels. see: United States v. Sykes, 658 F.3d 1140, 1143 (9th Cir. 2011)(noting that Amendment 706 applies retroactively). And Amendment 750 to the guidelines, which further generally reduced the base offense level of crack cocaine crimes by two levels. see: United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014)(noting that Amendment 750 applies retroactively). Defendant contends that in light of Amendments 706 and 750, he is eligible for both sentence reductions, though he acknowledges that the failure to

include those amendments to the guidelines in the PSR were of no fault to either the government nor the District court, but rather due to an error by the United States probation office for failure to include those amendments to the guidelines in the PSR when it calculated his offense level, which prevented the District court from considering defendant's guideline sentencing range in light of Amendments 706 and 750.

2) In November 2014, the commission promulgated Amendment 782 to the guidelines, which generally reduced the base offense level of drug crimes listed in the guidelines drug quanity table by two levels. The commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. see: United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015) The defendant contends that in light of Amendment 782 he is eligible for an additional sentence reduction.

WHEREFORE, defendant, prays that this Honorable court GRANT his §3582 motion and reduce his sentence.

On this 2nd day of September, 2019

Respectfully Submitted,
Jacorey Taylor
#05263-748
A.U.S.P.
P.O. Box 1002
Thomson, IL 61285

(Page 2 of 2)

INMATE NAME Jacob Taylor
REGISTER NUMBER 05263-748
ADMINISTRATIVE UNITED STATES PENITENTIARY
P.O. BOX 1001
THOMSON, IL 61285

QUAD CITIES IL PSQF
IL 612 1 L
04 SEP 2019 PM

INMATE
IDENTIFICATION
CONFIRMED

89101$7073 C075

Clerk, U.S. District Court
District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd S.
Las Vegas, NV 89101