# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES,

       Plaintiff,

vs.

JACOREY TAYLOR, et al.

       Defendants.

Case No. 2:08-cr-00283-RCJ-PAL

**ORDER**

Mr. Jacorey Taylor ("Defendant") moves to have his sentence reduced because he claims that amendments to the sentencing guidelines made retroactive would "significantly reduce [his] sentence." (ECF No. 1222 at 3.)[1] Defendant was sentenced to two consecutive life sentences upon his convictions for RICO conspiracy, violent crime in aid of racketeering (murder), using a firearm during and in relation to a crime of violence, drug trafficking conspiracy, and possession with intent to distribute a controlled substance. (ECF Nos. 966, 969.)

Title 18 of the Unites States Code Section 3582(c) provides, in pertinent part the following:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

---

[1] Defendant filed this motion pro se (ECF Nos. 1202, 1215), then this Court appointed an attorney to assist Defendant with this matter (ECF Nos. 1203, 1221), which has been filed (ECF No. 1222).

the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to § 3582(c)(2), the Sentencing Commission has issued U.S.S.G. § 1B1.10(d), which lists the amendments to the guidelines that have been issued that retroactively lower sentences. In his motion, Defendant points to two amendments (Guideline Amendments 706 and 750), claiming that these amendments decrease his total offense level. This is incorrect as both amendments were considered when this Court sentenced Defendant as he was sentenced in 2013 (ECF Nos. 966, 969), and Guideline Amendments 706 and 750 took effect in 2007 and 2011, respectively. *See* U.S.S.G. App. C, amend. 706 (2007); U.S.S.G. App. C, amend. 750 (2011). The Court therefore denies this motion.

While Defendant did not raise Guideline Amendment 782 in his latest motion, the Court will consider this amendment and state why it also fails to apply. It reduced the base offense level for most drug offenses by two levels, and took effect in November 2014, after Defendant was sentenced. *See* U.S.S.G. App. C, amend. 782 (2014). Nonetheless, this reduction would not lower the guideline sentence. The PSR notes that the drug offense convictions did not increase Defendant guideline sentence. (PSR ¶ 143.) Rather, the guidelines sentence was two consecutive life sentences for the convictions of violent crime in aid of racketeering (murder) and using a firearm during and in relation to a crime of violence alone. (*Id.* ¶ 214.) Because Defendant's "amended" guidelines range would be identical to the guidelines range under which he was sentenced, he was not sentenced "based on a sentencing range that has subsequently been lowered." Therefore, even under Guideline Amendment 782, Defendant is not eligible for relief.[2]

---

[2] Defendant also moves for new counsel to assist him with his motion to reduce his sentence, citing a "lack of communication." (ECF Nos. 1224, 1232.) The Court denies these motions as moot since it denies Defendant's motion to reduce his sentence.

Defendant also moves to "alter or amend judgment." (ECF Nos. 1209, 1210.) In 2016, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255. (ECF No. 1125.) This Court denied the motion and denied a certificate of appealability, (ECF No. 1130), but Defendant filed a notice of appeal and requested a certificate of appealability from the Ninth Circuit. (ECF No. 1133.) In 2017, the court of appeals granted the request with respect to a *Johnson* claim, and stayed the appeal pending a decision in *United States v. Begay*. *See* CA 16-17202, Dkt #3. While the stay was in effect, Defendant filed a second § 2255 motion, which he titled "Second-in-time Motion Pursuant to 28 U.S.C. § 2255." (ECF No. 1192.)

On September 30, 2019, the Ninth Circuit lifted the stay on Defendant's appeal and set a briefing schedule. *See* CA 16-17202, Dkt #6. On October 7, 2019, this Court denied without prejudice Defendant's second § 2255 motion, noting that he had not received authorization from the court of appeals to file it, and therefore the Court lacked jurisdiction to consider it. (ECF No. 1207.)

Defendant now claims the Court erred "construing [Second-in-time Motion Pursuant to 28 U.S.C. § 2255] as a second or successive § 2255 Motion." (ECF No. 1210.)[3] This motion is without merit. A "second-in-time" motion pursuant to § 2255 is a second or successive § 2255 motion, regardless of its title. Therefore, this Court was correct in its determination. Even more, Defendant's first § 2255 motion is currently pending before the Ninth Circuit, which also deprives the Court of jurisdiction to consider the § 2255 motions. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). For both of these reasons, the Court denies this motion.

---

[3] Defendant also asked for additional time to file (ECF No. 1210). The Court grants this request.

## CONCLUSION

IT IS HEREBY ORDERED that Motion for a Sentence Reduction under Amendment 782 of 18 U.S.C. 3582(c) (ECF No. 1202) is DENIED.

IT IS FURTHER ORDERED that Motion to Extend Time (First Request) (ECF No. 1209) is GRANTED.

IT IS FURTHER ORDERED that Motion to Amend/Correct Judgment (ECF No. 1210) is DENIED.

IT IS FURTHER ORDERED that Motion for a Sentence Reduction under Amendment 782 of 18 U.S.C. 3582(c) (ECF No. 1215) is DENIED.

IT IS FURTHER ORDERED that Motion for Appointment of Counsel (ECF No. 1219) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion for Appointment of Counsel (ECF No. 1220) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion for a Sentence Reduction under Amendment 782 of 18 U.S.C. 3582(c) (ECF No. 1222) is DENIED.

IT IS FURTHER ORDERED that Motion for Appointment of Counsel (ECF No. 1224) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion for Appointment of Counsel (ECF No. 1232) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated June 23, 2021.

_____
ROBERT C. JONES
United States District Judge